UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DEAN BENTER,

          Petitioner,

v.

JAMES A. FABIAN,
Houston County,

          Respondent.

Civil File No. 07-2329 (JMR/FLN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

On April 12, 2007, Petitioner was convicted for "careless driving" in the state district court for Houston County, Minnesota. He was sentenced to 90 days in jail, but his sentence was partially suspended, and he apparently was released from jail after serving only ten days. (Petition, [Docket No. 1], p. (2), ¶s 1-4.) As far as the Court can tell, Petitioner is not currently incarcerated, but he is still on probation. (Id., p. (7), ¶ 17.)

Petitioner claims that he appealed his conviction, (id., p. (2)), but it appears that, in fact, he simply filed some type of motion with the trial judge, and then "wrote a letter to chief

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

judge" for the district court in which he was convicted, (id., p. (3), ¶s 9 and 11.)  There is no indication that Petitioner actually filed an appeal, and given the recent date of his conviction, (barely a month ago), it is evident that he has not completed a direct appeal in the Minnesota state appellate courts.

Petitioner filed his current federal habeas corpus petition on May 17, 2007.  The petition lists four grounds for relief: (1) that Petitioner's conviction was based on evidence obtained by means of an illegal search and seizure; (2) that Petitioner was deprived of his constitutional right to effective assistance of counsel; (3) that Petitioner was deprived of his right to appeal; and (4) that Petitioner was denied a fair trial, because the trial court judge was biased and prejudiced.  (Id., pp. (5)-(6), ¶ 12.)

For the reasons discussed below, the Court finds that none of Petitioner's habeas corpus claims can be entertained at this time.

## II. DISCUSSION

It is well-established that a federal court cannot entertain a petition for a writ of habeas corpus on behalf of a person in state custody,[2] unless the petitioner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal

---

[2] Although Petitioner apparently was not incarcerated when he filed his petition, he is nevertheless considered to be "in custody," for purposes of the federal habeas corpus statutes, because of his self-described "probation."  See Jones v. Cunningham, 371 U.S. 236, 240-43(1963) (paroled prisoner is in custody when the terms of his release impose "significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally").

constitutional errors raised by individuals in state custody.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19.

To exhaust his or her state court remedies, a habeas petitioner must fairly present his or her federal constitutional claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66.  See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Furthermore, the exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his or her claims at every available level of the state court appeal process – including, in Minnesota cases, the Minnesota Supreme Court.  See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

In this case, it is readily apparent that Petitioner's state court remedies have not been exhausted, because he has not completed a direct appeal to the Minnesota Court of Appeals, and (if necessary) the Minnesota Supreme Court.  It appears that, under Minnesota law, the Petitioner has a statutory right to seek appellate review of his conviction in the State Court of Appeals, and (if necessary) the State Supreme Court.  Minn. R. Crim. P. 28.02, subd. 2(1), and 29.  Because he has not completed a direct appeal, he has not exhausted his state court remedies.

The Court is cognizant of Petitioner's claim that the trial court judge somehow deprived him of his right to appeal his conviction. (Petition, p. (6), ¶ 12. C.) However, this claim is wholly unsubstantiated. Petitioner has made no effort to explain how the trial court judge supposedly barred him from bringing his current claims for relief before the Minnesota appellate courts. In the absence of some cogent, and well-supported, explanation of this claim, it cannot excuse Petitioner from the exhaustion of state court remedies requirement.[3]

Because the exhaustion of state court remedies requirement has not been satisfied, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. The Court will recommend that this case be dismissed without prejudice, so that Petitioner's claims for relief can be brought back to federal court, if necessary, after all such claims have been fairly presented to, and decided on the merits by, the Minnesota state courts – including the Minnesota Supreme Court. See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).

Having determined that this action should be summarily dismissed due to non-exhaustion, the Court will further recommend that Petitioner's application to proceed in forma pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also,

---

[3] Furthermore, even if Petitioner has somehow been prevented from pursing a direct appeal, he should still be able to raise his constitutional challenges to his conviction by means of a state post-conviction motion brought under Minn.Stat. § 590.01. Petitioner claims that the state court "refuses to give me proper forms for filing post conviction relief," (id.), but this contention also is unexplained and unsubstantiated. Petitioner has not shown that he is completely barred from filing a post-conviction motion simply because the court has (allegedly) failed to give him some particular form. Thus, even if Petitioner were truly unable to pursue a direct appeal, he should still be able to present his current claims to the state courts in a post-conviction motion.

<u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

### III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  Petitioner's application for a writ of habeas corpus be summarily **DISMISSED WITHOUT PREJUDICE**; and

2.  Petitioner's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), be **DENIED**.

DATED: May  18 , 2007

                                      s/ *Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 7, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.